IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
AT LEXINGTON

| | |
|---|---|
| DARRELL L. MYERS <br> AND <br> LUCAS MYERS <br><br> PLAINTIFFS <br><br> v. <br><br> AGRILOGIC INSURANCE SERVICES, LLC <br> AND <br> OCCIDENTAL FIRE AND CASUALTY <br> INSURANCE COMPANY OF <br> NORTH CAROLINA, <br><br> DEFENDANTS | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 5:14-cv-00227-JMH <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## AFFIDAVIT OF TRAVIS LAINE

The Affiant, Travis Laine, after being first duly sworn, deposes and states as follows:

1. My name is Travis Laine. I am the Product Implementation Manager for AgriLogic Insurance Services, LLC ("AgriLogic").

2. AgriLogic is the crop insurance division of Occidental Fire & Casualty Company of North Carolina ("Occidental") and in this capacity provides certain administrative services in conjunction with crop insurance policies underwritten by Occidental.

3. I am personally familiar with the insurance claims submitted to AgriLogic by the Plaintiffs herein, Darrell L. Myers and Lucas Myers (collectively, "Plaintiffs"), under Policy Nos. 8006530, 8006532, 8006534, 8006535, 8006982, and 8006983 (collectively, the

"Policies"), as well as the allegations set forth in the Complaint. The Policies provided insurance for Plaintiffs' corn and tobacco crops in Nicholas County, Fleming County, and Fayette County.

4. The Policies insured Plaintiffs' crops against certain identified perils, including hail and wind. True and accurate copies of the Schedules of Insurance and policy forms that comprise the Policies are attached hereto as Exhibit 1.

5. Each of Plaintiffs' claims for damage to their tobacco crops was paid prior to the filing of this action.

6. There are a total of six (6) claims of wind damage to corn that were denied by AgriLogic: Claim No. 00608 (Darrell Myers – Policy No. 8006534); Claim No. 00609 (Darrell Myers – Policy No. 8006535); Claim No. 00610 (Darrell Myers – Policy No. 8006982); Claim No. 00613 (Lucas Myers – Policy No. 8006530); Claim No. 00614 (Lucas Myers – Policy No. 8006532); and Claim No. 00615 (Lucas Myers – Policy No. 8006983). True and accurate copies of the summary claims information for each of the underlying claims is attached hereto as Exhibit 2.

7. Plaintiffs, through their local insurance agent, submitted Notification of Probable Loss forms (collectively, the "Loss Notices") to AgriLogic for each of the subject claims. True and accurate copies of the Loss Notices for each of the underlying claims are attached hereto as Exhibit 3.

8. The Loss Notices state that on or about July 25, 2012 wind and/or hail caused damage to Plaintiffs' respective tobacco and corn crops located in Fleming County, Nicholas County, and Fayette County.

9. National Weather Service reports indicate no reports of heavy winds or hail in the Commonwealth of Kentucky on July 25, 2012. A true and accurate copy of July 25, 2012 storm report from the National Weather Service is attached hereto as Exhibit 4.

10. Upon receipt of the Loss Notices, AgriLogic proceeded to investigate the claims and to adjust the alleged losses. In conjunction with the adjustment of the subject claims, both Plaintiffs and AgriLogic's independent adjuster, Mike McNew, signed Loss Adjustment Worksheets and Appraisal Worksheets purporting to verify the alleged losses.

11. During the adjustment process it came to AgriLogic's attention that Mr. McNew improperly adjusted a number of claims in the area, including Plaintiffs' claims. Based upon Mr. McNew's repeated errors and failures to follow procedure with respect to a number of AgriLogic's Kentucky claims, AgriLogic thereafter ceased utilizing Mr. McNew as an independent adjuster. In light of the issues with claims adjusted by Mr. McNew, as well as irregularities with certain other Kentucky crop claims in the vicinity of Plaintiffs' farming operations during the same time period, AgriLogic initiated a further investigation of Plaintiffs' claims.

12. On or about November 6-7, 2012, AgriLogic investigators conducted an aerial survey of the area surrounding Plaintiffs' farms. Photographs and video taken during the aerial survey indicate clearly that Plaintiffs' corn crops did not sustain wind damage as alleged by Plaintiffs. True and accurate copies of the aerial photographs taken by AgriLogic's investigators are attached hereto as Exhibit 5.

13. The weather data and other evidence gathered during AgriLogic's initial investigation likewise raised serious doubts with regard to the legitimacy of Plaintiffs' claims for wind damage to their corn crops.

14. AgriLogic subsequently paid Plaintiffs' tobacco claims under the Policies for hail damage to their tobacco crops located in Fleming, Nicholas, and Fayette County.

15. AgriLogic continued to investigate Plaintiffs' claims for wind damage to corn, which claims remained suspect in light of the evidence gathered during AgriLogic's investigation. In November of 2012, AgriLogic requested that Plaintiffs provide further information in support of their claims, including production records, photographic evidence, or other reliable evidence substantiating the claims for wind damage to Plaintiffs' corn crops. Plaintiffs failed to provide satisfactory evidence to support their claims.

16. By letter dated May 9, 2013, AgriLogic provided notice to Plaintiffs' counsel that Plaintiffs' claims for wind damage to their corn crop under the Policies were denied. The bases for denial cited in AgriLogic's May 9, 2013 letter included the results of the aerial survey and the weather data for the area, each of which confirmed that Plaintiffs' corn crops had not suffered wind damage as alleged. A true and accurate copy of AgriLogic's May 9, 2013 letter to Plaintiffs' counsel is attached hereto as Exhibit 6.

17. AgriLogic's decision to investigate Plaintiffs' tobacco and corn claims, and its ultimate decision to deny Plaintiffs' corn claims, were made in good faith and based upon an investigation and careful review of underlying claims information, as well as the applicable language in the Policies.

Further, Affiant sayeth naught.

**[Signature Page Follows]**

_____
TRAVIS LAINE

STATE OF KANSAS        )
                       ) SS
COUNTY OF Johnson      )

Subscribed and sworn to before me this 17 day of June, 2014, by Travis Laine.

My Commission expires: 8-31-2015.

_____
NOTARY PUBLIC

ASHLEY HAYES
Notary Public, State of Kansas
My Appointment Expires
8-31-15

5