UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

DARREL L. MYERS, et al.,          )
                                  )
    Plaintiffs,                )
                                  )          Civil Case No.
v.                                )          14-cv-227-JMH
                                  )
AGRILOGIC INSURANCE SERVICES,     )
LLC, et al.                       )
                                  )          **MEMORANDUM OPINION & ORDER**
    Defendants.                )
                                  )
                                  )

***

In response to the Court's Order of July 5, 2017, Defendants have filed a status report [DE 17] indicating that they wish to renew the issue raised in their Motion to Dismiss [DE 4] that the Court has not yet substantively addressed. Plaintiffs have responded [DE 20], stating that they have no objection to litigating those issues at this time.

Plaintiffs aver that they suffered loss of their tobacco and corn crops on July 25, 2012, due to wind and hail damage. Defendant AgriLogic Insurance Services, LLC ("Agrilogic"), denied the claim on May 9, 2013. The case at bar was filed on May 7, 2014, in the Nicholas Circuit Court and removed to this Court on June 10, 2014. The Court has already determined and the Court of Appeals has affirmed the decision that Plaintiffs' breach of contract claim against Agrilogic is barred by

application of the one year statute of limitations set forth in Section 16 of the Policy at bar in this case ("If you do enter suit against us, you must do so within 12 months of the occurrence causing loss or damage.") [DE 10, 11, 13]. The Court of Appeals has reversed and remanded the Court's decision to dismiss Plaintiff's claim for bad faith under the Kentucky Unfair Claims Settlement Practices Act ("UCSPA") on the grounds that the Court prematurely determined that the claim should be dismissed for failure to state a claim without discovery.

In its renewed Motion to Dismiss [DE 4, 17], Defendants argue, first, that the one-year statute of limitations set forth in Section 16 of the Policy also bars Plaintiffs' claim for bad faith in violation of the UCSPA. They next argue that any claim for bad faith in violation of the UCSPA is barred because the statute of limitations has run on Plaintiffs' breach of contract claim against Agrilogic Insurance Services, LLC, as determined by this Court, such that they cannot demonstrate that the insurer is obligated to pay their claim. *See Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993) (explaining that an obligation to pay a claim is an element of a cause of action under the UCSPA).

The courts of this district have, however, uniformly held that a bad faith cause of action in which the allegation is that the insurance company wrongfully denied an insured's claim cannot accrue until the denial of the claim under Kentucky law

and that, when applied to a bad faith claim, a one year contractual limitation provision in an insurance policy like the one in this case – which runs from the occurrence of a loss as opposed to the denial of coverage – is inconsistent with KRS § 304.14-370. *See Price v. AgriLogic Ins. Servs., LLC*, 37 F. Supp. 3d 885, 897 (E.D. Ky. 2014); *Howard v. Allstate Ins. Co.*, No. CIV.A. 5:14-173-DCR, 2014 WL 5780967, at *5 (E.D. Ky. Nov. 5, 2014); *Barjuca v. State Farm Fire & Cas. Co.*, No. 5:11-CV-380-JMH-REW, 2013 WL 6631999, at *9–10 (E.D. Ky. Dec. 17, 2013); Memorandum Opinion & Order, *Tennant v. Allstate*, 6:04-cv-000054-KKC, DE 28 (E.D.Ky. Oct. 4, 2005). Thus, these courts have declined to enforce similar if not identical contractual limitations to that in this case with respect to bad faith claims. *Id*. Applying this logic, the Court will deny Defendant's motion to dismiss the UCSPA claim simply because the breach of contract claim was untimely under the contractually defined limitations period.

The courts in this district have also determined that, under Kentucky law, a bad faith claim against an insurer under the UCSPA does not fail as a matter of law simply because any claim for breach of contract against the insurer is barred by the applicable running of the statute of limitations. *See Price*, 37 F. Supp. 3d at 897–98; *Barjuca*, 2013 WL 6631999 at *9–10; *Tennant v. Allstate Ins. Co.,* No. 04–cv–54–, 2006 WL 319046,

at *7-8 (E.D. Ky. Feb. 10, 2006); *see also Elliott v. Liberty Mut. Fire Ins. Co.*, No. CIV. 09-178-GFVT, 2010 WL 3294417, at *2-3 (E.D. Ky. Aug. 19, 2010) (same in context of third-party bad faith claim against tortfeasor's insurance carrier where breach of contract claim was barred by statute of limitations). Again, applying the logic announced by these courts in highly similar if not identical situations, the Court will deny Defendant's motion to dismiss the UCSPA claim on this ground, as well.

Accordingly, **IT IS ORDERED**:

(1) that Defendant's renewed Motion to Dismiss [DE 4, 17] is **DENIED.**

Pursuant Fed. R. Civ. P. 16 and 26, **IT IS FURTHER ORDERED**:

(2) That, within twenty-one (21) days from the date of service of this Order, the parties, by counsel, shall meet, either in person or by telephone, to discuss the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, to make or arrange for the disclosures required by Fed. R. Civ. P. 26(a)(1), as amended December 1, 2010, and to develop a proposed discovery plan. *See* Fed. R. Civ. P. 26(f), as amended December 1, 2015.

(3) that within ten (10) days after the meeting the parties shall file a joint status report containing:

(a) the discovery plan;

4

(b) in formulating their plan, the parties should consider the concerns described in Fed. R. Civ. P. 26(b)(1), as amended December 1, 2015, as well as the Court's belief that discovery should last between three and five months.

(c) the parties' estimate of the time necessary to file pretrial motions;

(d) the parties' estimate as to the probable length of trial;

(e) the dates mutually convenient for trial;

(f) the parties' decision as to whether the action may be referred to a United States magistrate judge for trial pursuant to 28 U.S.C. § 636(c); and

(g) the parties' determination as to whether the resolution of the case may be aided by mediation or other special procedures as authorized by statute or local rule.

Each party is directed to advise the Court at the time of the submission of the joint report of all parent corporations, subsidiaries, affiliates, members and/or partners with which it is associated.

If Plaintiffs do not wish to pursue this claim further, they should advise the Court by filing a request to voluntarily dismiss the matter.

This the 17th day of January, 2019.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge